Chicago West Division Railway Company
v.
Maria J. Bolton.

*Street Railroads—Negligence—Personal Injuries—Evidence—Instructions.*

In an action to recover from a street railroad company for personal injuries alleged to have been suffered through its negligence, this court declines, the evidence being conflicting, to interfere with the verdict for the plaintiff.

[Opinion filed June 30, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. W. B. Keep and Edmund Furthmann, for appellant.

Mr. S. K. Dow, for appellee.

Gary, P. J. This is an action to recover damages for a personal injury. The case made by the appellee, and of which she offered such evidence as warranted the jury, in the conflict of evidence, to find to be true, was that, being a passenger on the west-bound open car of the appellant, on Madison street, the car stopped for her to get off at the west side of Elizabeth street, and she, being on the south side of the car, and intending to go to her place of business on the south side of Madison street, opposite to the end of Elizabeth street—which ends at Madison street, and does not extend south of

it—alighted from the south side of the car and started to walk diagonally southeastwardly across Madison street and the south track of the appellant, when an east-bound car of the appellant carelessly ran her down, inflicting upon her serious injury.

Two and a half pages of the abstract are occupied with instructions given at the request of the appellant, some of them more favorable than it was entitled to. Complaint is made that the court refused to instruct on the hypothesis "that the plaintiff had no right to be where she was at the time of the accident," which is manifestly intended to raise the question whether she had a right to walk diagonally across the street. Until better instructed, we shall hold that to be no question at all. Also, that mere omission "to perform any duty which it ought to perform, is not of itself sufficient to render the defendant liable."

This principle, in much more emphatic form, was given in another instruction. There is no error and the judgment must be affirmed.

*Judgment affirmed.*